**CONTINUATION**

I, Charles Smith, declare the following under penalty of perjury:

**INTRODUCTION, AGENT BACKGROUND, AND PURPOSE OF THE WARRANT**

1. The facts of this case, as more fully detailed below, reveal that Victor Manuel TREJO-Lopez, a native and citizen of Mexico, was previously removed from the United States, and later reentered the United States without permission at an unknown date.

2. I am familiar with the information contained in this continuation based upon the investigation I have conducted and based on information provided to me by other law enforcement officers. The facts in this continuation come from my personal observations, training, experience, and information obtained from other agents and witnesses. I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause.

3. Title 8, United States Code, Section 1326(a) criminalizes reentry without permission of aliens who have been previously removed. The elements of the offense are that: (1) the person is an alien; (2) the person was removed from the United States; (3) the person is thereafter found in the United States; and (4) the person did not obtain permission from the Attorney General to reapply for admission. The offense is ordinarily punishable by a maximum of 2 years imprisonment. 8 U.S.C. § 1326(a). If prior removal was subsequent to a felony conviction, then the offense carries a maximum term of 10 years imprisonment. 8

U.S.C. § 1326(b)(1).

4. I, Deportation Officer, Charles Smith, am an Immigration and Customs Enforcement Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement. I have been employed in this capacity since October 2018. Currently, I am assigned to the Grand Rapids, MI office. As part of my duties as a Deportation Officer, I am authorized to investigate violations of laws of the United States, including violations pertaining to the reentry of removed aliens, in violation of U.S.C. § 1326(a), (b)(1) Reentry of Removed Aliens Previously Convicted of an Aggravated Felony. I graduated from the Federal Law Enforcement Training Center's (FLETC) Training Program, where I was trained in immigration law.

5. This continuation contains information necessary to support a finding of probable cause to charge TREJO-Lopez with a violation of 8 U.S.C. § 1326(a), which makes it a crime for any alien that has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter enters, or is at any time found in, the United States.

6. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and records checks of law enforcement databases. I have reviewed the official immigration file relating to TREJO-Lopez, which attests to the following.

## FACTS ESTABLISHING PROBABLE CAUSE

7.   On or about December 1, 1990, TREJO-Lopez entered the United States at or near San Ysidro, California in violation of the Immigration and Nationality Act and without authority.

8.   On or about March 15, 1996, TREJO-Lopez was arrested in or near Tucson, Arizona.

9.   On or about April 17, 1996, an immigration judge in Eloy, Arizona ordered TREJO-Lopez to be deported to his home country of Mexico.  On that same day, TREJO-Lopez was removed from the United States on foot at the Nogales, Arizona port of departure.

10.   At an unknown time and place, TREJO-Lopez reentered the United States without permission from the Attorney General to reapply for admission.

11.   On March 28, 2025, ERO officers traveled to Kalamazoo County in search of TREJO-Lopez.  Officers surveilled an individual matching TREJO-Lopez's description exiting a residence and entering the driver's seat of a white Dodge Ram pickup truck.  ERO officers stopped the truck in Kalamazoo County, identified themselves, and asked the driver for identification.  TREJO-Lopez, the sole occupant of the vehicle, provided a Michigan driver's license bearing the name Victor TREJO-Lopez, at which point investigators affected an arrest based on probable cause that he is not authorized to be or remain in the United States legally and is subject to deportation.

12.   Before lodging TREJO-Lopez in custody, officers retrieved a brown

leather bag that was located at TREJO-Lopez's feet at the time of his arrest to bring him medicine that he reported taking. Officers conducted a search of the bag to retrieve TREJO-Lopez's medication and to ensure that he would not access illegal drugs, weapons, or other contraband. Inside the bag, investigators found a pistol.[1]

13.    TREJO-Lopez was fingerprinted and photographed and these were entered in the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). The results confirmed the identity of TREJO-Lopez and that he is a citizen of Mexico who has been previously removed from the United States. The record checks did not provide any evidence that TREJO-Lopez legally entered the United States or had been issued any legal immigration document to allow him to enter or remain in the United States.

14.    Review of the administrative immigration file for TREJO-Lopez and queries in U.S. Immigration and Customs Enforcement computer databases confirm no record exists of TREJO-Lopez obtaining the express permission from the Attorney General or the Secretary of the Department of Homeland Security to reenter the United States following his last removal.

## CONCLUSION

15.    Based on my training and experience as a Deportation Officer and the information contained in this continuation, there is probable cause to believe that

---

[1] TREJO-Lopez had been previously convicted of a felony. Specifically, on or about November 23, 1994, TREJO-Lopez was convicted of attempted importation of marijuana in violation of Arizona law and sentenced to two years imprisonment.

Victor Manuel TREJO-Lopez reentered the United States after removal without the permission of the Attorney General or Secretary of Homeland Security, in violation of 8 U.S.C. § 1326(a), (b)(1), which makes it a crime to reenter the country following removal without permission of the Attorney General.